UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TIMOTHY BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 14-3037-SEM |
| ) | |
| ) | |
| HERBERT CASKEY and ) | |
| IRINA CASKEY, ) | |
| ) | |
| Defendant. ) | |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff Timothy Bell, proceeding pro se from his detention in the Rushville Treatment and Detention Center ("Rushville"), seeks leave to proceed in forma pauperis on his claims against Defendants Herbert and Irina Caskey, the co-owners of Liberty Mental Health Corporation.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal quotation omitted).

Bell alleges that, after completing his prison sentence on March 6, 2006, he was detained as a sexually violent person by the Illinois Department of Human Services. On July 27, 2007, a jury found Bell to be a sexually violent person pursuant to Illinois law, and he was subsequently housed in Rushville.

Bell claims that, since being placed in Rushville, he has not received any treatment for his condition. Bell alleges that the Liberty Mental Health Corporation ("Liberty") maintains a contract

2

with the Illinois Department of Human Services to provide sex offender treatment to Rushville's residents, but Liberty has failed to provide any such treatment. Bell has sued Liberty's owners, Herbert Caskey and Irina Caskey, for violating his Constitutional rights by failing to provide sex offender treatment to him.

Bell has attempted to state a cause of action under the Eighth Amendment for deliberate indifference, but because Bell is a civil committee, his claim falls under the Fourteenth Amendment's due process clause because he is more akin to a pretrial detainee than a prisoner. *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005). The Seventh Circuit has stated that the Fourteenth Amendment's protections are "'at least as great as the protections available to a convicted prisoner under the Eight Amendment.'" *Tesch v. County of Green Lake*, 157 F.3d 465, 473 (7th Cir. 1998)(quoting *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983)). However, the Seventh Circuit has also stated that "there is little practical difference between the two standards." *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001)(internal quotation omitted).

The Court finds that Bell's Complaint states a claim for violating his due process rights protected by the Fourteenth

Amendment. The United States Supreme Court has held that "due process requires that the conditions and duration of confinement under the Act bear some reasonable relation to the purpose for which persons are committed." *Seling v. Young*, 531 U.S. 250, 265 (2001). The Supreme Court has also opined that involuntarily committed mentally retarded persons have a substantive due process right to "conditions of reasonable care and safety, reasonably nonrestrictive confinement conditions, and such training as may be required by these conditions." *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982).

And, the Seventh Circuit has extended and summarized *Youngerberg* to include those individuals committed because they are sexually violent: "(a) committed persons are entitled to some treatment, and (b) what that treatment entails must be decided by mental-health professionals." *Lane v. Williams*, 689 F.3d 879, 882 (7th Cir. 2012)(internal quotation omitted). In other words, the Seventh Circuit has held that "*Youngerberg* holds that, under the due process clause, detainees are entitled to non-punitive programs designed using the exercise of professional judgment . . . ." *Id.* at 883.

Here, Bell has alleged that he has not received any treatment since being housed in Rushville. The Fourteenth Amendment requires that Bell receive some treatment. Therefore, Bell has stated a cause of action upon which relief can be granted.

According to Bell, Defendants Herbert and Irina Caskey's company maintains a contract with the State of Illinois Department of Human Services to provide such treatment. Generally, private corporations and private individuals cannot be sued under § 1983 because they are not state actor acting under color of law.

To state a claim under § 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law." *Yang v. Hardin,* 37 F.3d 282, 284 (7th Cir. 1994). If the person did not act "under color of state law," the action against him must be dismissed. *Rendell–Baker v. Kohn,* 457 U.S. 830, 838 (1982).

The Supreme Court defined the phrase "acting under color of state law" as "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Monroe v. Pape,* 365 U.S. 167, 184 (1961) (citations omitted). The purpose of § 1983 is to deter state actors,

and private individuals in collaboration with state officials, from using a "badge of authority" to deprive individuals of rights guaranteed by the Constitution. *Wyatt v. Cole,* 504 U.S. 158, 161 (1992); *Hu v. American Bar Ass'n,* 2009 WL 1796441, * 1 (7th Cir. June 22, 2009).

In the instant case, Bell has alleged that the Caskeys maintain a contract with the State of Illinois and that they maintain a policy or custom of not providing treatment to Rushville residents. This allegation is sufficient to cause Defendants to become state actors for purposes of this initial merit review. *King v. Chapman,* ___ F. Supp. 2d ___, 2013 WL 6709623, * 20 (N.D. Ill. Dec. 16, 2013).

**IT IS, THEREFORE, ORDERED:**

1. Plaintiff's motion for leave to proceed in forma pauperis [2] is GRANTED. Pursuant to the Court's February 11, 2014 Order, no reduced filing fee will be assessed.

2. Pursuant to a review of the Complaint, the Court finds that Plaintiff states a Fourteenth Amendment due process claim against Defendants for failure to offer treatment during his confinement at Rushville. Any additional claim(s) shall not be included in the case except at the Court's discretion on motion by a

party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4. The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 60 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter an Order scheduling deadlines for discovery and dispositive motions.

5. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said

Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an Answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an Answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the Answer is necessary or will be considered.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on

Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**: **1) SHOW PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS [2] AS GRANTED; 2) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND 3) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK**

**WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

ENTER: March 31, 2014

FOR THE COURT:

                                        s/ Sue E. Myerscough
                                        SUE E. MYERSCOUGH
                                    UNITED STATES DISTRICT JUDGE